EXHIBIT 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

DOV MALNIK and TOMER FEINGOLD,

    Plaintiffs,

-against-

MUDDY WATERS, LLC, CARSON BLOCK, and
JOSHUA STEINBERG,

    Defendants,

---

Index No. 652948/2014

**AFFIRMATION OF DANIEL J. BROWN IN SUPPORT OF ORDER TO SHOW CAUSE EXTENDING TIME TO SERVE PROCESS PURSUANT TO CPLR § 306-b AND DIRECTING MANNER OF SERVICE PURSUANT TO CPLR § 308(5)**

    **DANIEL J. BROWN**, an attorney duly admitted to practice law in the State of New York, affirms the following under penalty of perjury:

    1.    I am admitted to practice law in the State of New York. I am counsel for Plaintiffs, and, as such, I am fully familiar with the facts of this case. I submit this affirmation in support of Plaintiffs' Order to Show Cause for an extension of time to effect service under CPLR § 306-b and for permission to use alternative forms of service available under CPLR § 308(5).

    2.    As set forth below, Plaintiffs have successfully served two defendants in this action, but, despite diligent efforts, Plaintiffs have been unable to serve defendant Joshua Steinberg. Accordingly, Plaintiffs respectfully request that the Court (i) pursuant to CPLR § 306-b, extend the deadline to serve defendant Joshua Steinberg by sixty (60) days, and (ii) pursuant to CPLR § 308(5), in the event Plaintiffs are unable, through the exercise of due diligence, to serve the Summons with Notice on Defendant Joshua Steinberg within sixty (60) days from the date of entry of this Order, authorize Plaintiffs to serve the Summons with Notice upon Defendant Joshua Steinberg by leaving a copy at his last known address, by sending a copy to his attorney(s) if known at the time, and by publication within the State of California in a

manner reasonably calculated to maximize the likelihood that Defendant Joshua Steinberg receives actual notice of the Summons with Notice.

## FACTS AND PROCEDURAL BACKGROUND

3. Plaintiffs commenced this action by filing a Summons with Notice on September 26, 2014 ("Summons"). *See* the annexed affirmation of Trevor J. Welch, dated January 26, 2015 ("Welch Aff."), Exhibit A.

4. Upon information and belief, Plaintiffs and Defendants Joshua Steinberg and Carson Block, individually and in his capacity as a representative of Defendant Muddy Waters, LLC, subsequently engaged in settlement negotiations in an attempt to resolve, among other things, the disputes set forth in the Summons. Settlement negotiations broke down near the middle of January 2015.

5. On January 15, 2015, Plaintiffs served the Summons on Defendant Muddy Waters, LLC. Welch Aff. ¶¶ 4-5, Exhibit B.

6. On January 17, 2015, Plaintiffs served the Summons on Defendant Carson Block. Welch Aff. ¶ 6, Exhibit C.

7. As set forth in the Welch Affirmation, beginning on January 16 and continuing at least through January 25, 2015, Plaintiffs have repeatedly attempted to serve Defendant Joshua Steinberg at four addresses, including at the address disclosed for Joshua Steinberg, as the Manager of Sunset Mesa Capital Management LLC, in the Form D registration statement for Sunset Mesa Partners, L.P. filed with the United States Securities and Exchange Commission on January 3, 2010. Welch Aff. ¶¶ 7-8.

## ARGUMENT

### A.   The Court Should Extend The Deadline To Serve The Summons

8.   CPLR § 306-b grants Plaintiffs 120 days to serve a summons once it has been filed with the court. The Summons was filed on September 26, 2014. Plaintiffs' deadline to serve the Summons is January 26, 2015.

9.   CPLR § 306-b provides that the Court may extend the time for service "upon good cause shown or in the interest of justice."

10.   "Good cause" is shown where the movant has made reasonably diligent efforts to serve process. *Leader v. Maroney, Ponzini & Spencer*, 97 N.Y.2d 95, 105, 761 N.E.2d 1018, 1025 (2001); *Henneberry v. Borstein*, 91 A.D.3d 493, 496, 937 N.Y.S.2d 177, 180 (1st Dep't 2012).

11.   The "interest of justice" standard is "flexible" and permits a court to consider "diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant." *Leader*, 97 N.Y.2d at 105-06, 761 N.E.2d at 1025. Also of relevance is the likelihood that defendant has received notice of the action. *Cassini v. Advance Publications, Inc.*, 41 Misc. 3d 1202(A), 977 N.Y.S.2d 665 (Sup. Ct. N.Y. Cty. 2013).

12.   Under either standard, this Court should extend the time to serve the Summons on Defendant Steinberg. Almost immediately after settlement negotiations with Defendants broke down, Plaintiffs attempted to serve all Defendants. As discussed above, Plaintiffs have repeatedly attempted personal service at four different addresses over at least a nine-day period.

13.   Accordingly, Plaintiffs respectfully request, pursuant to CPLR § 306-b, that the Court extend the deadline to serve defendant Joshua Steinberg by sixty (60) days.

3

**B.      The Court Should Permit Service By An Alternative Method**

14.     CPLR § 308(5) vests a court with the discretion to direct an alternative method of service of process when it has determined that the methods set forth in CPLR § 308(1), (2) and (4) are impracticable. The impracticability standard does not require the movant to satisfy the more stringent standard of due diligence under CPLR§ 308(4) nor make an actual showing that service has been attempted pursuant to CPLR § 308(1), (2) and (4). *See In re Kaila B.*, 64 A.D.3d 647, 648, 883 N.Y.S.2d 132 (2nd Dep't 2009). As discussed above, Plaintiffs have made repeated efforts over at least nine-days to serve the Summons on Defendant Steinberg pursuant to CPLR §§ 313 and 308(1). And despite reasonable investigation, Plaintiffs are currently unaware of Defendant Steinberg's actual place of business or dwelling, rendering service under § 308(2) and (4) impracticable.

15.     Accordingly, pursuant to CPLR § 308(5), in the event Plaintiffs are unable, through the exercise of due diligence, to serve the Summons with Notice on Defendant Joshua Steinberg within sixty (60) days from the date of entry of this Order, this Court should authorize Plaintiffs to serve the Summons with Notice upon Defendant Joshua Steinberg by leaving a copy at his last known address, by sending a copy to his attorney(s) if known at the time, and by publication within the State of California in a manner reasonably calculated to maximize the likelihood that Defendant Joshua Steinberg receives actual notice of the Summons with Notice.

Dated: New York, New York

January 26, 2015

/s/ Daniel J. Brown
Daniel J. Brown

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| DOV MALNIK and TOMER FEINGOLD,<br><br>　　　　　　　　Plaintiffs,<br><br>　-against-<br><br>MUDDY WATERS, LLC, CARSON BLOCK, and JOSHUA STEINBERG,<br><br>　　　　　　　　Defendants, | Index No. 652948/2014<br><br>**AFFIRMATION OF**<br>**TREVOR J. WELCH** |

**TREVOR J. WELCH**, an attorney duly admitted to practice law in the State of New York, affirms the following under penalty of perjury:

1. I submit this affirmation in support of Plaintiffs' Order to Show Cause for an extension of time to effect service under CPLR § 306-b and for permission to use alternative forms of service available under CPLR § 308(5).

2. Plaintiffs commenced this action by filing a Summons with Notice on September 26, 2014 ("Summons"). A true and correct copy of the Summons is annexed hereto as Exhibit A.

3. On January 14, 2015, on behalf of Plaintiffs, I arranged to attempt service of the Summons on Defendants. Specifically, I directed Court Support, Inc., 181 Hillside Avenue, Williston Park, New York 11596 (license 1382542) to serve the Summons on Defendants.

4. On January 15, 2015, a process server employed by Court Support, Inc. personally served the Summons on Defendant Muddy Waters, LLC on the Secretary of State of the State of New York as the agent of Defendant Muddy Waters, LLC, as set forth in the affidavit of service attached hereto as Exhibit B.

5. Pursuant to Limited Liability Company Law Section § 304, I subsequently caused the Summons to be sent by registered mail, return receipt requested, to the post office address specified for the purpose of mailing process on file with the Secretary of State of Nevada for Muddy Waters, LLC—Nevada being its jurisdiction of its formation—which is:

> Muddy Waters LLC
> c/o Paracorp Incorporated
> 318 North Carson Street, #208
> Carson City, NV 89701

6. On January 17, 2015, a process server employed by Court Support, Inc. personally served the Summons on Defendant Carson Block as set forth in the affidavit of service attached hereto as Exhibit C.

7. With respect to defendant Joshua Steinberg, I am informed and believe that, beginning on January 16 and continuing at least through January 25, 2015, Court Support, Inc. has repeatedly attempted to serve defendant Joshua Steinberg, including at the address disclosed for Joshua Steinberg, as the Manager of Sunset Mesa Capital Management LLC, in the Form D registration statement for Sunset Mesa Partners, L.P. filed with the United States Securities and Exchange Commission on January 3, 2010,[1] which is:

> Sunset Mesa Partners, L.P.
> 4712 Admiralty Way, Suite 212
> Marina Del Rey, CA 90292

In addition, Court Support, Inc. has attempted to serve the Summons at the following addresses, which are or have been associated with defendant Joshua Steinberg:

> 3822 Via Dolce, # 29
> Marina Del Rey, CA 90292

---

[1] *See* http://www.sec.gov/Archives/edgar/data/1493271/000114036110024091/xslFormDX01/primary_doc.xml.

2

2331 Overland Avenue
Los Angeles, CA 90064

410 Chautauqua Blvd,
Pacific Palisades, CA 90272

8.   On behalf of Plaintiffs, I have exercised diligent efforts to serve Defendant Joshua Steinberg with the Summons.

Dated: New York, New York
       January 26, 2015

Trevor J. Welch

# EXHIBIT A

FILED: NEW YORK COUNTY CLERK 09/26/2014 04:04 PM
NYSCEF DOC. NO. 1

INDEX NO. 652948/2014
RECEIVED NYSCEF: 09/26/2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

DOV MALNIK and TOMER FEINGOLD,

        Plaintiffs,

v.

MUDDY WATERS, LLC, CARSON BLOCK, and
JOSHUA STEINBERG,

        Defendants.

---

**SUMMONS WITH NOTICE**

Index No. _____
Purchased: September 26, 2014

Plaintiff designates New York
County as the place of trial

Venue is proper in this County
pursuant to CPLR § 503(a)

TO THE ABOVE-NAMED DEFENDANTS:

  YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to appear in this action by serving a notice of appearance upon the undersigned at the address set forth below within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete, if this summons is not personally delivered to you within the State of New York.

  NOTICE: This is an action for damages for breach of oral promises and agreements on which plaintiffs reasonably relied, for declaratory judgment pursuant to New York Civil Practice Law and Rules § 3001, and for injunctive relief. Plaintiffs Dov Malnik and Tomer Feingold and defendants Carson Block and Joshua Steinberg had a series of meetings, including in New York, New York, during which they orally agreed to research certain publicly traded companies and to publish research reports on those companies, based on publicly available information, under the name "Muddy Waters." For several years, the parties worked together to develop "Muddy Waters" into a recognized and valuable brand.

Defendants have recently wrongfully asserted control over the jointly-developed brand and have excluded plaintiffs from participating in ongoing research projects and operations of "Muddy Waters" and its affiliates' research projects and operations and have excluded plaintiffs from access to information concerning those projects.

Defendants Muddy Waters, LLC and Mr. Block have also wrongfully alleged that plaintiffs have "engaged in extensive tortious and fraudulent contact against Mr. Block personally and Muddy Waters, LLC." Those defendants have also wrongfully alleged that plaintiffs "have misappropriated information from [Mr. Block personally] and Muddy Waters, LLC to engage in unauthorized trading on behalf of themselves and others," and are "liable to Mr. Block for civil damages."

Plaintiffs' action seeks (i) damages from defendants equal to the value of plaintiffs' ownership interest in the jointly-developed brand, in an amount to be determined at trial; (ii) a declaration that plaintiffs (a) have not misappropriated information from defendants, did not engage in unauthorized trading, and do not have now and never did have any duty to defendants that would in any way restrain or restrict plaintiffs' ability to purchase or sell securities, or otherwise execute any securities trading strategy, now or at any time; and (b) that plaintiffs have not violated any other purported duty to defendants; and (iii) an order enjoining defendants from publishing any "Muddy Waters" or affiliated entities' research reports in any non-"Muddy Waters" outlet or media, which may cause irreparable harm to the jointly-developed brand.

YOU ARE HEREBY NOTIFIED THAT should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded herein.

2

Dated: New York, New York
September 26, 2014

REISS SHEPPE LLP

By: /s/ Daniel J. Brown
Daniel J. Brown
(dbrown@reisssheppe.com)
425 Madison Avenue, 19th Floor
New York, NY 10017
(212) 753-2424
*Attorneys for Plaintiffs*

-and-

SKIERMONT PUCKETT LLP
Paul J. Skiermont
2200 Ross Ave, Suite 4800W Dallas, TX 75201
*Attorneys for Plaintiff Tomer Feingold*

TO DEFENDANTS:

MUDDY WATERS, LLC
C/O Erik S. Syverson
Raines Feldman, LLP
9720 Wilshire Boulevard
Fifth Floor
Beverly Hills, CA 90212
Telephone: 310-988-4296
*Counsel for Muddy Waters, LLC*

CARSON BLOCK
C/O Erik S. Syverson
Raines Feldman, LLP
9720 Wilshire Boulevard
Fifth Floor
Beverly Hills, CA 90212
Telephone: 310-988-4296
*Counsel for Carson Block*

JOSHUA STEINBERG

3

# EXHIBIT B

## AFFIDAVIT OF SERVICE

State of New York           County of New York           Supreme Court

Index Number: 652948/2014
Date Filed: _____

Plaintiff:
**Dov Malnik and Tomer Feingold**
vs.
Defendant:
**Muddy Waters, LLC, et al.**

State of New York, County of Albany)ss.:

For:
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019

Received these papers to be served on Muddy Waters, LLC.

I, R. R. Ricchiuti, being duly sworn, depose and say that on the 15th day of January, 2015 at 1:15 pm, I:

Served the within named corporation by delivering a true copy of the Summons with Notice and Notice of Commencement of Action Subject to Mandatory Electronic Filing and pursuant to section 304 LLCL together with statutory service fee in the amount of $40.00 to Chad Matice as Business Document Specialist of New York State Department of State, 99 Washington Avenue, Albany, NY 12207. Thereafter deponent enclosed a copy thereof with notice in a postpaid first class envelope, registered mail, return receipt requested, properly addressed to defendant at defendant's last known place of business: C/O Erik S. Syverson-Raines Feldman, LLP, 9720 Wilshire Blvd.-Fifth Floor, Beverly Hills, CA 90212. Registered Mailing Receipt No: RR842232869US

Said documents were conformed with index number and date of filing was endorsed thereon.

Description of Person Served: Age: 35, Sex: M, Race/Skin Color: White, Height: 5'10", Weight: 190, Hair: Brown, Glasses: Y

I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on the 22nd day of January, 2015 by the affiant who is personally known to me.

NOTARY PUBLIC

PATRICIA A. BURKE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01BU4922372
Qualified in Albany County
My Commission Expires February 28, _____

R. R. Ricchiuti
Process Server

Our Job Serial Number: 2015000132
Ref: 1406332

Copyright © 1992-2009 Database Services, Inc. - Process Server's Toolbox V6.3x



# EXHIBIT C

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

Job #: 1406389

Attorney: Kasowitz, Benson, Torres & Friedman LLP.
Address: 1633 Broadway New York, NY 10019-6799

DOV MALNIK and TOMER FEINGOLD,

Index Number: 652948/2014

vs

*Plaintiff*

Client's File No.: 12091801

MUDDY WATERS, LLC, CARSON BLOCK and JOSHUA STEINBERG,

Court Date:

*Defendant*

Date Filed:

STATE OF CALIFORNIA, COUNTY OF San Francisco, SS.:
Nate Freed, being sworn says:

**AFFIDAVIT OF SERVICE**

Deponent is not a party herein; is over the age of 18 years and resides in the State of California.

On 01/17/2015, at 11:45 AM at: 300 BROADWAY STREET, SAN FRANCISCO, CA 94133 Deponent served the within Summons With Notice and Notice of Commencement of Action Subject to Mandatory Electronic Filing

On: CARSON BLOCK, therein named.

Said documents were conformed with index number endorsed thereon.

☒ **#1 INDIVIDUAL**
By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.

☒ **#2 DESCRIPTION**
Sex: Male        Color of skin: White       Color of hair: Brown
Age: 36 - 50 Yrs.   Height: 6ft Over         Weight: Over 200 Lbs.

☒ **#3 MILITARY SERVICE**
I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

Sworn to before me on 01/22/2015

JERRY TOPOLOS
NOTARY PUBLIC - CALIFORNIA
COMMISSION # 1955845
SAN FRANCISCO COUNTY
My Comm. Exp. August 17, 2016

Nate Freed

COURT SUPPORT, INC., 181 HILLSIDE AVENUE, WILLISTON PARK 11596 LICENSE #1382542